MARY O'HALPIN, Respondent, v. HILDA B. CALLISTER et al., Appellants.— In an action to recover damages for personal injuries suffered by a guest in an automobile, which overturned, defendants appeal, urging that there is no evidence of negligence, that plaintiff accepted the risks, and that the verdict is excessive. Judgment entered on the verdict of the jury in favor of plaintiff, and order denying defendants' motion to set aside the verdict or to dismiss the complaint, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Ughetta, JJ.

■

ANGELO J. PALIOTTO, Appellant, v. SYLVIA HARTMAN, Also Known as SUNNY HARTMAN, Also Known as SUNNY GURIAN, Also Known as MISS LEE, Also Known as MRS. ANGELO J. PALIOTTO, et al., Respondents.— Appeal from an order denying appellant's motion to resettle an order dated December 30, 1954, by correcting a statement in the latter order as to the exact nature of the relief for which application was made. Appeal dismissed, without costs. The order is not appealable. However, we have considered the merits of the appeal and would have affirmed the order if it were appealable. Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.

■

EDWARD M. O. PRATT, Respondent, v. EUGENE R. HURLEY et al., Individually and as Copartners in the Practice of Law, under the Name of EUGENE R. HURLEY, Appellants.— In an action to recover the reasonable value of legal services, defendants appeal from an order of the County Court, Nassau County, made on reargument, insofar as said order modifies defendants' demand for a bill of particulars. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. QUINCY LEE ADAMS, Appellant.— In a filiation proceeding defendant appeals from three orders made by the Children's Court, Suffolk County. One order denies appellant's motion to vacate the issuance and service of the summons and to dismiss the proceeding on the ground of the Statute of Limitations. Another order determines that appellant is the father of the child in question, and the third order makes the same determination of filiation and further directs appellant to pay $5 a week for the support of the child. Orders unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Ughetta, JJ.